## DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 3:19-cr-0007** |
| **v.** | ) | |
| | ) | |
| **AKIL ERICKSON, MIKIEL ROBIN,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 3:19-cr-0053** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **AKIL ERICKSON, MIKIEL ROBIN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ATTORNEYS:**

**Gretchen C.F. Shappert, United States Attorney**
**Everard E. Potter, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
        *For the United States of America,*

**Yohana M. Manning, Esq.**
St. Croix, U.S.V.I.
        *For Akil Erickson,*

**Richard Coughlin, FPD**
**Kia Daniel Sears, AFPD**
Office of the Federal Public Defender
St. Thomas, U.S.V.I.
        *For Mikiel Robin.*

*United States v. Erickson, et al.*
Case No. 3:19-cr-0007; Case No. 3:19-cr-0053
Memorandum Opinion
Page 2 of 23

## MEMORANDUM OPINION

**MOLLOY, J.**

Before the Court is Defendant Mikiel Robin's motion for reconsideration (Case No. 3:19-cr-0007, ECF No. 10), which was joined by Akil Erickson (Case No. 3:19-cr-0007, ECF No. 16). Robin and Erickson seek reconsideration of this Court's Order in Criminal Case Number 19-7 dismissing the charges against them without prejudice. For the reasons stated below, the Court will grant the motion for reconsideration and will dismiss their charges with prejudice.

### I.   FACTUAL AND PROCEDURAL HISTORY

On October 8, 2018, Akil Erickson ("Erickson") and Mikiel Robin ("Robin") traveled by ferry from Tortola, British Virgin Islands, to St. Thomas, U.S. Virgin Islands. Upon arrival in St. Thomas, Erickson and Robin were subjected to inspection by United States Customs and Border Patrol ("CBP") agents. During that inspection, neither Erickson nor Robin declared that they were carrying over $10,000 in cash. A search of Erickson's luggage uncovered approximately $50,000 in cash. Thereafter, Erickson was arrested.

On October 9, 2018, Robin attempted to take a flight from St. Thomas to the U.S. mainland. During the course of a CBP inspection at the Cyril E. King International Airport, Robin asserted that he was not carrying more than $10,000 cash with him. A search of his luggage uncovered approximately $38,000 in cash. Thereafter, Robin was arrested.

Following the arrests of Erickson and Robin, the United States embarked on a circuitous path of charging decisions related to these events. On October 9, 2018, the United States filed a complaint against Erickson in Criminal Case Number 18-54 (the "18-54 Complaint"). The 18-54 Complaint charged Erickson with (1) bulk cash smuggling on October 8, 2018, in violation of 31 U.S.C. § 5332(a)(1), (b)(1)-(2), and making false statements on October 8, 2018, in violation of 18 U.S.C. § 1001(a)(2). On the same day that the 18-54 Complaint was filed, Erickson appeared before the district judge for his initial appearance.

On October 10, 2018, the United States filed a complaint against Robin in Criminal Case Number 18-55 (the "18-55 Complaint"). The 18-55 Complaint charged Robin with (1)

*United States v. Erickson, et al.*
Case No. 3:19-cr-0007; Case No. 3:19-cr-0053
Memorandum Opinion
Page 3 of 23

bulk cash smuggling on October 8, 2018; and (2) making false statements on October 9, 2018. On the same day that the 18-55 Complaint was filed, Robin appeared before the District Court for his initial appearance on the complaint.

On November 8, 2018, the United States filed two separate informations in Criminal Case Numbers 18-54 and 18-55 (the "18-54 Information" and the "18-55 Information"). The 18-54 Information charged Erickson with a single count of bulk cash smuggling on October 8, 2018. The 18-55 Information also included a single count of bulk cash smuggling on October 8, 2018.

Erickson was arraigned on the 18-54 Information on November 13, 2018. Following his arraignment, the magistrate judge entered an order scheduling a trial for January 7, 2019. Robin was arraigned on the 18-55 Information on November 20, 2018. Following Robin's arraignment, the magistrate judge entered an order scheduling a trial for January 7, 2018.

On December 6, 2018, the Grand Jury returned indictments in both Criminal Case Number 18-54 and 18-55 (the "18-54 Indictment" and the "18-55 Indictment"). The 18-54 Indictment charged Erickson with one count of bulk cash smuggling on October 8, 2018, and one count of making false statements on October 8, 2018. The 18-55 Indictment charged Robin with one count of bulk cash smuggling on October 8, 2018, and one count of making false statements on October 8, 2018.

Robin was arraigned on the 18-55 Indictment on December 12, 2018. Following Robin's arraignment, the magistrate judge entered an order scheduling a trial for January 28, 2019. Erickson was arraigned on the 18-54 Indictment on December 19, 2018. Following Erickson's arraignment, the magistrate judge entered an order scheduling a trial for February 4, 2019.

On January 23, 2019, the United States filed an information in Criminal Case Number 19-7 (the "First Joint Charging Document" or the "19-7 Information") that jointly charged Erickson and Robin. The 19-7 Information charged Erickson and Robin each with one count of (1) conspiring to launder money on October 8, 2018, in violation of 18 U.S.C. § 1956(h); (2) bulk cash smuggling on October 8, 2018; and (3) making false statements on October 8, 2018.

*United States v. Erickson, et al.*
Case No. 3:19-cr-0007; Case No. 3:19-cr-0053
Memorandum Opinion
Page 4 of 23

On January 25, 2019, the United States moved to dismiss the indictments in Criminal Case Numbers 18-54 and 18-55. The Court granted both motions the same day, dismissed both indictments, and closed both cases.

On January 31, 2019, Robin was arraigned on the 19-7 Information. Following Robin's arraignment, the magistrate judge entered an order scheduling a trial for March 18, 2019.

On February 4, 2019, Robin filed a motion for reconsideration of the magistrate judge's order setting Robin's conditions of pretrial confinement. On February 27, 2019, the magistrate judge denied Robin's motion for reconsideration.

On March 6, 2019, Erickson was arraigned on the 19-7 Information. Following Erickson's arraignment, the magistrate judge entered a scheduling order rescheduling the trial for April 22, 2019.

On April 18, 2019, the United States filed an amended information in Criminal Case Number 19-7 (the "Second Joint Charging Document" or the "Amended 19-7 Information"). The Amended 19-7 Information included the charges in the First Joint Charging Document and added a charge against Erickson of conspiring to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846(b)(1)(D).

Erickson and Robin were both arraigned on the Amended 19-7 Information on April 30, 2019. Following the arraignment, the magistrate judge entered an order scheduling a trial for June 17, 2019.

On June 6, 2019, the Grand Jury returned a Superseding Indictment in Criminal Case Number 19-7 (the "Third Joint Charging Document" or the "19-7 Indictment"). The Third Joint Charging Document dropped the drug conspiracy charge but otherwise replicated the Amended 19-7 Information.

Erickson and Robin were both arraigned on the 19-7 Indictment on June 13, 2019. Following the arraignment, the District Judge entered an order scheduling trial for July 29, 2019.

On July 2, 2019, Robin moved to dismiss the 19-7 Indictment for violation of the Speedy Trial Act. The United States conceded that the Speedy Trial Act had been violated. On

*United States v. Erickson, et al.*
Case No. 3:19-cr-0007; Case No. 3:19-cr-0053
Memorandum Opinion
Page 5 of 23

July 24, 2019, the Court granted Robin's motion and dismissed the Indictment in Criminal Number 19-7 without specifying whether the dismissal was with or without prejudice.

On July 24, 2019, the United States filed an information in Criminal Number 19-52 (the "Fourth Joint Charging Document" or the "19-52 Information"). The 19-52 Information mirrored the dismissed 19-7 Indictment. At a status conference on July 25, 2019, Robin orally moved to dismiss the 19-52 Information. On August 1, 2019, the Court dismissed the 19-52 Information for failure to comply with Section 48 U.S.C. § 1614(b) ("Section 1614(b)"). The Court explained that the Revised Organic Act of 1954 provides that, while the United States may charge crimes by either information or indictment, Section 1614(b) provides that "'once a case has been presented to a grand jury, the case may be prosecuted by information only by leave of court or with the defendant's consent.'" *See* Case No. 3:19-cr-0052, ECF No. 21 at 10 (quoting *United States v. Ntreh*, 279 F.3d 255 (3d Cir. 2002)). The Court also noted that the Government's actions were troubling, as "[i]t appear[ed] that the United States wishes to proceed by information to avoid the consequences of its Speedy Trial violation in Criminal Case Number 2019-7." *Id.* at 14.

On August 1, 2019, shortly after the Court dismissed the 19-52 Information, the Grand Jury returned an indictment in Criminal Case Number 19-53 (the "Fifth Joint Charging Document" or the "19-53 Indictment") against Erickson and Robin. In the 19-53 Indictment, Erickson and Robin are each charged with one count of conspiring to launder money on October 8, 2018, bulk cash smuggling on October 8, 2018, and making false statements on October 8, 2018. As such, the Fifth Joint Charging Document replicates the Third Joint Charging Document. On August 2, 2019, Robin moved to dismiss the 19-53 Indictment.

On August 2, 2019, Robin filed a motion in Criminal Case Number 19-53 asking the Court to reconsider its July 24, 2019, Order dismissing the 19-7 Indictment without considering whether the dismissal was with or without prejudice. Robin now asks the Court to dismiss the 19-7 Indictment and 19-53 Indictment with prejudice, both of which charge the same crimes and, for all practical purposes, are identical.  On August 5, 2019, Erickson filed a notice indicating that he joins in Robin's motion.

*United States v. Erickson, et al.*
Case No. 3:19-cr-0007; Case No. 3:19-cr-0053
Memorandum Opinion
Page 6 of 23

## II.  LEGAL STANDARD

The Speedy Trial Act requires that a criminal defendant go to trial "within seventy days of the filing date . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). If trial does not occur within the 70-day limit, the Speedy Trial Act requires that the charges in the charging instrument be dismissed. 18 U.S.C. § 3162(a)(2). Dismissal may be with or without prejudice. *Id*. When determining the appropriate remedy for a Speedy Trial violation, the district court must consider "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of justice." *Id.*

Under the Speedy Trial Act, however, certain "periods of delay shall be excluded in computing the time within which an information or indictment must be filed." 18 U.S.C. § 3161(h). Relevant here, the Speedy Trial Act excludes

> Any period of delay resulting from other proceedings concerning the defendant, including . . .
> . . .
> (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
> . . .
> (H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

18 U.S.C. § 3161(h)(1). In a multiple-defendant case, "an exclusion applicable to one defendant applies to all codefendants." *United States v. Claxton*, 766 F.3d 280, 292 (3d Cir. 2014) (quoting *United States v. Novak,* 715 F.2d 810, 814 (3d Cir.1983)).

When calculating delays under the Speedy Trial Act, the district court excludes from the count days on which triggering events occur. *See United States v. Lattany*, 982 F.2d 866, 871-72 (3d Cir. 1992). Weekend days and holidays are included in the Speedy Trial count. *See United States v. Tinklenberg*, 563 U.S. 647, 661 (2011). The defendant bears the burden of proving a violation of the Speedy Trial Act. 18 U.S.C. § 3162(a)(2).

*United States v. Erickson, et al.*
Case No. 3:19-cr-0007; Case No. 3:19-cr-0053
Memorandum Opinion
Page 7 of 23

## III. ANALYSIS

### A.  Violation of Speedy Trial Act

The Speedy Trial Act is offense specific. That is, "[w]hen subsequent charges are filed in a supplemental indictment that charge the same offense as the original indictment or one required to be joined therewith . . . the speedy trial period commences with the original filing." *United States v. Lattany*, 982 F.2d 866, 872 n.7 (3d Cir. 1992). When a "subsequent filing charges a new offense that did not have to be joined with the original charges, then the subsequent filing commences a new, independent speedy trial period." *United States v. Stevenson*, 832 F.3d 412, 420 (3d Cir. 2016) (alterations and internal quotation marks omitted); *see also United States v. Komolafe*, 246 F. App'x 806, 809-10 (3d Cir. 2007) (determining separate speedy trial counts for different charges added in successive indictments). Accordingly, the Court must determine the speedy trial counts for each charge separately.

### 1.  Start Dates for Charges

Robin and Erickson argue that each of the offenses charged in the 19-7 Indictment are offenses that are required to be joined with one another. As such, they argue, the start date for each of those charges is November 8, 2018: the date that the 18-54 and 18-55 Informations were filed. The defendants appear to be suggesting that offenses are required to be joined when the offenses arise out of the same course of conduct. *See* Case No. 3:19-cr-0053, *Robin Brief in Response to Court Order*, ECF No. 17 at 5 ("[M]oney laundering, as charged in the indictment, is also an offense that would be required to be joined to the allegations of bulk cash smuggling and false statements as they are based on the same conduct.").

"Although the Speedy Trial Act does not define the term 'required to be joined,' legislative history makes it clear that this language means joinder required by the Double Jeopardy Clause of the Constitution." *United States v. Novak*, 715 F.2d 810, 817 (3d Cir. 1983), *abrogated on other grounds by United States v. Felton*, 811 F.2d 190 (3d Cir. 1987); *see also United States v. Marshall*, 935 F.2d 1298, 1302 (D.C. Cir. 1991) ("As a general rule, the filing of a superseding indictment does not affect the speedy trial timetable for offenses either

*United States v. Erickson, et al.*
Case No. 3:19-cr-0007; Case No. 3:19-cr-0053
Memorandum Opinion
Page 8 of 23

charged in the original indictment or required under double jeopardy principles to be joined with such charges.").

In a Double Jeopardy analysis, "[w]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States,* 284 U.S. 299, 304 (1932); *see also United States v. Hodge,* 211 F.3d 74, 78 (3d Cir. 2000) ("To determine whether the offenses grow out of the same occurrence, we apply the test set forth in *Blockburger*."). "If each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." *Blockburger,* 284 U.S. at 304 (citations and quotation marks omitted).

The elements for making false statements in violation of 18 U.S.C. § 1001(a)(2) are

> (1) that the accused made a statement or representation; (2) that the statement or representation was false; (3) that the false statement was made knowingly and willfully; (4) that the statement or representation was material; and (5) that the statement or representation was made in a matter within the jurisdiction of the federal government.

*United States v. Castro*, 704 F.3d 125, 139 (3d Cir. 2013) (alterations omitted) (quoting *United States v. Moyer,* 674 F.3d 192, 213 (3d Cir.2012)). The elements for bulk cash smuggling in violation of 31 U.S.C. § 5332(a)(1) are that the defendant (1) knowingly concealed more than $10,000 on his person or in any container; (2) transported or attempted to transport the currency from a place outside of the United States to a place inside the United States; and (3) did so with the intent to evade a currency reporting requirement under 31 U.S.C. § 5316. *See* 31 U.S.C. § 5332(a)(1); *see also United States v. Varanese*, 417 F. App'x 52, 54 (2d Cir. 2011). Finally, the elements for conspiracy to launder money in violation of 18 U.S.C. § 1956(h) are "(1) that an agreement [to violate 18 U.S.C. § 1956(a)] was formed between two or more persons; and (2) that the defendant knowingly became a member of the conspiracy." *United States v. Greenidge*, 495 F.3d 85, 100 (3d Cir. 2007). Each of these crimes requires proof of an element that is not required by either of the other two. Accordingly, none are "required to be joined" with each other. *See Lattany*, 982 F.2d at 873.

*United States v. Erickson, et al.*
Case No. 3:19-cr-0007; Case No. 3:19-cr-0053
Memorandum Opinion
Page 9 of 23

On October 9, 2018, Erikson appeared before a judicial officer for his initial appearance on his complaint. On October 10, 2018, Robin physically appeared before a judicial officer for his initial appearance on his complaint. On November 8, 2018, separate informations were filed against Erickson and Robin. Each information included a single count of bulk cash smuggling alleged to have occurred on October 8, 2018.   Accordingly, the speedy trial clock on bulk cash smuggling charges began to run for both Erickson and Robin on November 9, 2018. *See United States v. Willaman*, 437 F.3d 354, 358 (3d Cir. 2006) ("[C]ourts are required to treat an indictment of a defendant as the triggering event for running the clock under section 3161(c)(1) when a defendant has appeared before a judicial officer prior to indictment because otherwise 'the date of an indictment could never be the date that 'last occurs' under section 3161(c)(1).'" (quoting *United States v. Carrasquillo*, 667 F.2d at 382, 384 (3d Cir. 1981)); *see also Lattany*, 982 F.2d at 871-72 (explaining that day of triggering event is excluded from speedy trial clock).

The false statement charges first appeared in the 18-54 and 18-55 Indictments, each of which was returned on December 6, 2018. Accordingly, the speedy trial clock on those charges began to run on December 7, 2018.

The conspiracy to launder money charge first appeared in the 19-7 Information filed on January 23, 2019. Accordingly, the speedy trial clock on that charge began to run for both Erickson and Robin on January 24, 2019.

### 2. Excludable Time

#### a. Delays Resulting from Other Proceedings Concerning the Defendant

Section 3161(h) excludes from the speedy trial clock "[a]ny period of delay resulting from other proceedings concerning the defendant." 18 U.S.C. § 3161(h). Under this provision, hearings and conferences before the court toll the speedy trial clock for the day they are held. *See United States v. Huete-Sandoval*, 668 F.3d 1, 4 (1st Cir. 2011); *United States v. Lucky*, 569 F.3d 101, 107 (2d Cir. 2009) (["A] status conference is manifestly a 'proceeding,' which, while not listed in the nonexclusive examples contained in 18 U.S.C. § 3161(h)(1), is very similar to the examples given in that section.").

*United States v. Erickson, et al.*
Case No. 3:19-cr-0007; Case No. 3:19-cr-0053
Memorandum Opinion
Page 10 of 23

In Criminal Case Number 2018-54, Erickson was arraigned on the 18-54 Information on November 13, 2018. Erickson was arraigned on the 18-54 Indictment on December 19, 2018. A pretrial conference was held on January 16, 2019. Accordingly, with respect to Erickson alone, November 13, 2018, December 19, 2018, and January 16, 2019, are excluded from the speedy trial clock.

In Criminal Case Number 2018-55, Robin was arraigned on the 18-55 Information on November 20, 2018. Robin was arraigned on the 18-55 Indictment on December 12, 2018. A pretrial conference was held on January 9, 2019. Accordingly, with respect to Robin alone, November 20, 2018, December 12, 2018, and January 9, 2019, are excluded from the speedy trial clock.

In Criminal Case Number 2019-7, Robin's initial appearance on the 19-7 Information was January 29, 2019. Robin was arraigned on the 19-7 Information on January 31, 2019. A pretrial conference was held on February 27, 2019. Erickson was arraigned on the 19-7 Information on March 6, 2019. A pretrial conference was held on April 3, 2019. Erickson and Robin were both arraigned on the Amended 19-7 Information on April 30, 2019. A pretrial conference was held on June 3, 2019. A hearing on the 19-7 Indictment was held on June 12, 2019, at which an issue with the sufficiency of the 19-7 Indictment was raised. That issue was resolved the next day, and Erickson and Robin were both arraigned on the 19-7 Indictment on June 13, 2019. Accordingly, with respect to both Erickson and Robin, the following days are excluded from the speedy trial clock: January 29, 2019; January 31, 2019; February 27, 2019; March 6, 2019; April 3, 2019; April 30, 2019; June 3, 2019; and June 12-13, 2019.

### b. Delays Resulting from Motions

Motions that do not require a hearing toll the speedy trial clock for 30 days or until they are ruled upon.[1] *See Gov't of Virgin Islands v. Duberry*, 923 F.2d 317, 322–23 (3d Cir.

---

[1] Relying on *United States v. Erby*, 419 F. App'x 176 (3d Cir. 2011)—a nonprecedential opinion from the Third Circuit—this Court previously stated that "the amount of time set aside by a district court for the preparation and submission of pretrial motions is excludable 'delay resulting from other proceedings' under 18 U.S.C. § 3161(h)(1), regardless of whether the time is granted *sua sponte* or pursuant to the defendant's request." *United States v. Rivera Gomez*, No. CR 2018-31, 2019 WL 2361045, at *3 (D.V.I. June 4, 2019) (quoting *Erby*, 419 F. App'x at 179 (internal quotation marks omitted)). Time granted to prepare pretrial motions is not,

*United States v. Erickson, et al.*
Case No. 3:19-cr-0007; Case No. 3:19-cr-0053
Memorandum Opinion
Page 11 of 23

1991) ("18 U.S.C. § 3161(h)(1)(F)[, now codified at Section 3161(h)(1)(D),] provides for excludable delay for '*any*' pretrial motion."). A motion ruled on the same day it is filed tolls the speedy trial count for that one day. *See United States v. Santiago-Becerril*, 130 F.3d 11, 16 (1st Cir. 1997); *United States v. Mentz*, 840 F.2d 315, 327 (6th Cir. 1988).

On November 12, 2018, Erickson filed a motion in Criminal Case Number 18-54 to reschedule his arraignment on the 18-54 Information, which was granted on November 13, 2018. On November 21, 2018, the United States filed a motion to substitute an attorney, which was granted the same day. On December 10, 2018, Erickson filed a motion to reschedule his arraignment on the 18-54 Indictment, which was granted the same day. On December 21, 2018, Erickson filed a motion to modify the conditions of his release, which was granted on December 26, 2018. On January 15, 2019, Erickson filed a motion to appear telephonically at a status conference, which was granted the same day. On January 25, 2019, the United States filed a motion to dismiss the 18-54 Indictment, which was granted the same day. Accordingly, with respect to Erickson alone, the following days and periods of time are excluded from the speedy trial count: November 12-13, 2018; November 21, 2018; December 10, 2018; December 21-26, 2018; January 15, 2019; and January 25, 2019.

In Criminal Case Number 18-55, the only motion filed was the United States's motion to dismiss the 18-55 Indictment filed on January 25, 2019. That motion was granted the same day it was filed. Thus, with respect to Robin alone, only January 25, 2019, is excluded from the speedy trial count.

In Criminal Case Number 19-7, on January 23, 2019, the United States filed a motion to seal the 19-7 Information, which was granted the same day. On March 26, 2019, Erickson filed a motion to modify the conditions of his release, which was granted on March 27, 2019. On April 2, 2019, Erickson filed a motion to participate in a status conference telephonically, which was granted on April 3, 2019. On June 6, 2019, the United States filed a motion to seal the 19-7 Indictment, which was granted the same day. On June 12, 2019, the United States

---

however, automatically excluded under Section 3161(h)(1). Rather, "such time may be excluded only when a district court enters appropriate findings under [Section 3161](h)(7)." *Bloate v. United States*, 559 U.S. 196, 204 (2010).

*United States v. Erickson, et al.*
Case No. 3:19-cr-0007; Case No. 3:19-cr-0053
Memorandum Opinion
Page 12 of 23

filed a motion for permission to file a document under seal, which was granted the same day. Finally, on July 2, 2019, Robin filed a motion to dismiss the 19-7 Indictment for violating the Speedy Trial Act, which was granted on July 24, 2019. Accordingly, with respect to both Erickson and Robin, the following days and periods of time are excludable from the speedy trial count: January 23, 2019; March 26-27, 2019; April 2-3, 2019; June 6, 2019; and June 12, 2019. The count stopped on July 2, 2019.

On February 4, 2019, Robin filed a motion for reconsideration of his order of detention. The United States never responded to that motion, and there is no indication in the record that the motion was ever ruled on. Accordingly, a thirty-day period beginning on February 4, 2019 to March 6, 2019, is excluded from the speedy trial count. *See United States v. Johnson*, 29 F.3d 940, 944 (5th Cir. 1994) ("Because neither party ever filed additional materials concerning the motion in limine before it was ruled on, and because no hearing of any sort preceded the court's ruling, we consider the matter to have been under advisement beginning on December 16, 1992, the date the motion was filed."); *United States v. Ortiz*, 23 F.3d 21, 28 n.6 (1st Cir. 1994) ("Although the record is not entirely clear on this point, the district court, which never ruled on Escobar's motions, apparently treated them as motions which did not require a hearing, and which therefore only toll the 70–day period for 30 days.").

### c.  Delay Attributable to Defendant

On June 12, 2019, during a hearing before the magistrate judge, Robin's attorney asserted that the recently returned 19-7 Indictment added allegations that rendered it a "new crime," and as such, "would require new dates" for the various deadlines and trial. *June 12, 2019, Hr'g before Magistrate Judge in Case No. 3:19-cr-0007* at 2:15:55 P.M. The attorneys for Erickson and the United States agreed with Robin's attorney that new dates were required. Following Erickson and Robin's arraignment on the 19-7 Indictment, the District Judge entered a scheduling order rescheduling the trial from June 17, 2019, to July 29, 2019. The United States argues that the delay occasioned by rescheduling the trial should not be included in the speedy trial count because it was requested by Robin and Erickson. Robin

*United States v. Erickson, et al.*
Case No. 3:19-cr-0007; Case No. 3:19-cr-0053
Memorandum Opinion
Page 13 of 23

and Erickson argue that, because the United States joined in the request, this delay should be included in the speedy trial count.

As a general rule, defendants may not waive the application of the Speedy Trial Act. *See, e.g.*, *Zedner v. United States*, 547 U.S. 489, 500 (2006). However, "[w]here a defendant actively participates in a continuance covering a discrete period of time . . . he cannot then 'sand-bag' the court and the government by counting that time in a speedy trial motion." *United States v. Kucik*, 909 F.2d 206, 211 (7th Cir. 1990); *see also Lattany*, 982 F.2d at 883 (citing *Zedner* to support the proposition that "[d]efendants cannot be wholly free to abuse the system by requesting (h)(8) continuances and then argue that their convictions should be vacated because the continuances they acquiesced in were granted"). Thus, "when [a] defendant's conduct causes or contributes to a period of delay, that time may be excluded from the running of the speedy trial clock." *United States v. Gambino*, 59 F.3d 353, 360 (2d Cir. 1995).

Here, while the United States joined in Erickson and Robin's request for additional time before taking the 19-7 Indictment to trial, it was Erickson and Robin's request. As such, they either "cause[d] or contribute[d] to" the delay between the original June 17, 2019, trial date and the July 2, 2019, motion to dismiss that ultimately stopped the speedy trial clock. Accordingly, the period of June 18, 2019, through July 2, 2019, is excluded from the speedy trial count.

### d. Delay Resulting from Deficient Charging Document

As this Court has previously had occasion to explain, all "federal and territorial crimes may be charged by either information or indictment in the District Court of the Virgin Islands." *See United States v. Erickson*, No. CR 2019-52, 2019 WL 3759438, at *4 (D.V.I. Aug. 1, 2019) (citing *Rivera v. Gov't of the Virgin Islands*, 375 F.2d 988, 990-91 (3d Cir. 1967)). Once the government elects to charge a crime by indictment, however, its discretion in choosing the type of charging document is significantly curtailed by 48 U.S.C. § 1614 ("Section 1614"): "[A]n offense which has been investigated by or presented to a grand jury may be prosecuted by information only by leave of court or with the consent of the defendant." 48 U.S.C. § 1614(b); *see also United States v. Ntreh*, 279 F.3d 255, 258 (3d Cir.

Case: 3:19-cr-00007-RAM-RM    Document #: 84    Filed: 06/03/20    Page 14 of 23

*United States v. Erickson, et al.*
Case No. 3:19-cr-0007; Case No. 3:19-cr-0053
Memorandum Opinion
Page 14 of 23

2002) ("[O]nce a case has been presented to a grand jury, the case may be prosecuted by information only by leave of court or with the defendant's consent.").

On December 6, 2018, Erickson and Robin were charged by indictment for the first time. The two December 6, 2018 indictments charged both defendants with bulk cash smuggling and making false statements on October 8, 2018. Subsequently, on January 23, 2019, the United States filed the First Joint Charging Document, an information, which again charged Erickson and Robin with bulk cash smuggling and making false statements on October 8, 2018. As both of these offenses were previously presented to a grand jury, a question arises about the validity of the First Joint Charging Document with respect to those four charges.

Neither defendant objected to the government's decision to revert back to an information in the First Joint Charging Document, and the Court subsequently arraigned Erickson and Robin on that information without raising the issue. Arguably, this could constitute either consent of the defendants or leave of court. Regardless, the Court need not address that possibility because, whatever the impact on that charging document's validity, it had no effect on the speedy trial clock.

In *United States v. Rabb*, 680 F.2d 294 (3d Cir. 1982), Wade Lee Rabb ("Rabb") was arrested on August 3, 1981. *Id.* at 295. On August 10, 1981, a grand jury indicted Rabb. *Id.* Subsequently, the United States discovered that the charging grand jury's term was expired when it indicted Rabb. *Id.* On October 2, 1981, a second unexpired grand jury returned "a superseding indictment identical in all material respects to the first." *Id.* Rabb moved to dismiss the superseding indictment, arguing that it violated Section 3161(b), which provides that "'[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges.'" *Id.* (quoting 18 U.S.C. § 3161(b)). The trial court granted the motion and dismissed the indictment. On appeal, the Third Circuit reversed.

The Third Circuit explained that the task before it was "to determine whether the term 'indictment' in [Section] 3161(b) is broad enough to encompass an indictment returned

Case: 3:19-cr-00007-RAM-RM   Document #: 84   Filed: 06/03/20   Page 15 of 23

*United States v. Erickson, et al.*
Case No. 3:19-cr-0007; Case No. 3:19-cr-0053
Memorandum Opinion
Page 15 of 23

by a grand jury whose term had expired, but regular in all other respects." *Id.* First, the Third
Circuit determined whether the deficient indictment in that case prejudiced Rabb. *Id.* at 296.
To make this determination, the Third Circuit considered "the three functions of an
indictment": (1) "put[ting] the defendant on notice of the exact nature of the charges he
would be required to defend against"; (2) "protect[ing] [the defendant] from a second trial
on the same offense" if he is acquitted; and (3) protecting a defendant from unfounded
charges by ensuring he is only required to defend against charges that an independent body
found were supported by probable cause. *Id.* The Third Circuit held that Rabb was not
prejudiced, opining:

> [The deficient indictment] put the defendant on notice of the exact nature
> of the charges he would be required to defend against; it would have
> protected him from a second trial on the same offense had he been
> acquitted, and it was returned by an independent body upon a finding of
> probable cause. The superseding indictment was identical to the one
> returned by the first grand jury, and there was no allegation that the
> government obtained either indictment fraudulently or in bad faith. Once
> Rabb was arraigned on that indictment he could begin to prepare his
> defense knowing exactly what the government had to prove. With this
> knowledge he could intelligently decide whether to face trial or attempt
> to plea bargain. The government, also considering the August 10
> indictment to be valid, proceeded with the case on the assumption that it
> was bound to bring it to trial within the time permitted by Section
> 3161(c). Thus, Rabb has suffered no prejudice as a result of the defect in
> the indictment.

*Id.* (citation omitted). Next, the Third Circuit explained that the intention of Section 3161(b)'s
requirement that an information or indictment be filed within 30 days of arrest was to
"insure orderly disposition of criminal cases." *Id.* The Third Circuit was not "convinced that
Congress intended [this] bar to apply to superseding indictments made necessary by the type
of defect present [in that case]." *Id.* at 296-97. Accordingly, the Third Circuit held that, "in the
absence of bad faith on the part of the government or prejudice to the defendant, an
indictment returned by a grand jury whose term has expired is sufficient to toll Speedy Trial
Act [Section] 3161(b) if it is followed by a valid indictment, identical in all material respects."
*Id.* at 297.

*United States v. Erickson, et al.*
Case No. 3:19-cr-0007; Case No. 3:19-cr-0053
Memorandum Opinion
Page 16 of 23

Here, the Court's task is to determine whether the term "information or indictment" in Section 3161(c) is broad enough to include an information filed in violation of Section 1614. First, Erickson and Robin were not prejudiced by the deficient charging document. The Grand Jury had previously found that the bulk cash smuggling and making false statements charges in the First Joint Document were supported by probable cause.[2] In addition, the Third Joint Charging Document—an indictment returned on June 6, 2019—was for all material purposes identical to the First Joint Charging Document. Once Erickson and Robin were arraigned on the First Joint Charging Document, they "could begin to prepare [their] defense knowing exactly what the government had to prove" and "intelligently decide whether to face trial or attempt to plea bargain." *See id.* at 296. Similarly, the United States "proceeded with the case on the assumption that it was bound to bring it to trial within the time permitted by Section 3161(c)." *See id.*

Second, for the purposes of the Speedy Trial Act, the Court perceives no material differences between the defect in an indictment returned by an expired grand jury and the defect in an information filed in violation of Section 1614. If a defective charging document concludes the thirty-day period under Section 3161(b), that same defective charging document must also commence or continue the running of the 70-day limit under Section 3161(c). *Cf. United States v. Castellano*, 848 F.2d 63, 65 (5th Cir. 1988) (explaining that "delays resulting from filing and disposition of pretrial motions with respect to that invalid indictment [are] . . . excluded when determining whether defendant was tried within seventy days of his first judicial appearance as required by 18 U.S.C. § 3161(c)(1)").

### 3. Total Non-Excludable Days

In sum, when the Court granted Robin's motion to dismiss on July 24, 2018, the total number of non-excludable days that had elapsed under the Speedy Trial Act for each charge against each defendant was as follows: With respect to Erickson, 165 days for the bulk cash smuggling charge; 140 days for the false statements charge; and 102 days for the conspiracy

---

[2] The First Joint Charging Document also charged Erickson and Robin with conspiracy to launder money. This offense was not previously "investigated by or presented to a grand jury," and as such, Erickson and Robin were not entitled to have this charge presented to a grand jury in the first instance. *See* 48 U.S.C. § 1614(a); *see also Ntreh*, 279 F.3d at 258.

*United States v. Erickson, et al.*
Case No. 3:19-cr-0007; Case No. 3:19-cr-0053
Memorandum Opinion
Page 17 of 23

to launder money charge. With respect to Robin, 174 days for the bulk cash smuggling charge; 147 days for the false statements charge; and 102 days for the conspiracy to launder money charge.

### B.  Dismissal with or Without Prejudice

Having determined that the false statement, bulk cash smuggling, and money laundering conspiracy charges have lingered for more than 70 non-excludable days without trial, the Court must next determine the appropriate remedy.

If a defendant is not brought to trial within the time required by 18 U.S.C. § 3161(c), the Speedy Trial Act mandates dismissal of the indictment on the defendant's motion. 18 U.S.C. § 3162(a)(2). Dismissal, however, may be with or without prejudice. The Speedy Trial Act does not have a preference for either option. *United States v. Taylor*, 487 U.S. 326, 334–35 (1988). When determining the appropriate type of dismissal,

> the Act requires the court to "consider, among others, each of the following factors: [1] the seriousness of the offense; [2] the facts and circumstances of the case which led to the dismissal; and [3] the impact of a reprosecution on the administration of this chapter and on the administration of justice."

*United States v. Stevenson*, 832 F.3d 412, 419 (3d Cir. 2016) (alterations in original) (quoting 18 U.S.C. § 3162(a)(2)).

The first factor the Court considers is "the seriousness of the offense." 18 U.S.C. § 3161(a)(2). "This element 'centers primarily on society's interest in bringing the particular accused to trial.'" *Stevenson*, 832 F.3d at 419 (quoting *United States v. Hastings*, 847 F.2d 920, 925 (1st Cir. 1988)). "[T]he greater the crimes, the greater the insult to societal interests if the charges are dropped, once and for all, without a meaningful determination of guilt or innocence." *United States v. Barnes*, 159 F.3d 4, 16 (1st Cir. 1998) (internal quotation marks omitted). Accordingly, "[w]hen the crime is serious, the court should dismiss with prejudice only for a correspondingly serious or prejudicial delay." *United States v. Cardona-Rivera*, 64 F.3d 361, 363-64 (8th Cir. 1995).

An appropriate measure of the seriousness of an alleged crime is "the punishment prescribed by statute." *United States v. Melguizo*, 824 F.2d 370, 371 (5th Cir. 1987). Generally, crimes that carry penalties of five years or more are considered serious offenses for the

*United States v. Erickson, et al.*
Case No. 3:19-cr-0007; Case No. 3:19-cr-0053
Memorandum Opinion
Page 18 of 23

purposes of the Speedy Trial Act. *See, e.g.*, *United States v. Lewis*, 611 F.3d 1172, 1180 (9th Cir. 2010) (holding that crimes that "carried maximum penalties of five years" were serious offenses); *United States v. Salgado–Hernandez*, 790 F.2d 1265, 1268 (5th Cir.1986) (noting with approval that the Seventh Circuit has held that offense punishable by imprisonment for five years is serious for purposes of Speedy Trial Act).

The maximum sentence for conspiracy to launder money is twenty years. *See* 18 U.S.C. § 1965(a)(1) & (h). This is a serious crime that weighs in favor of dismissal without prejudice. The maximum sentence for both bulk cash smuggling and making false statements is five years. *See* 18 U.S.C. § 1001(a); 31 U.S.C. § 5332(b)(1). Violations of 8 U.S.C. § 1001 and 31 U.S.C. §5332 are serious crimes but fall near the border of serious and nonserious crimes. Accordingly, the bulk cash smuggling and making false statements charges carry only marginal weight. *See Stevenson*, 832 F.3d at 419–20 ("The logic behind [the 'seriousness of the offense'] factor is intuitive: 'the graver the crimes, the greater the insult to societal interests if the charges are dropped, once and for all, without a meaningful determination of guilt or innocence.'" (alterations omitted) (quoting *United States v. Hastings*, 847 F.2d 920, 925 (1st Cir. 1988)).

The second factor the Court considers is "the facts and circumstances of the case which led to the dismissal." 18 U.S.C. § 3162(a)(2). "This factor requires courts to consider the reasons for the delay: did it stem from 'intentional dilatory conduct' or a 'pattern of neglect on the part of the Government,' or rather, from a relatively benign hitch in the prosecutorial process?" *Stevenson*, 832 F.3d at 420 (quoting *United States v. Cano-Silva*, 402 F.3d 1031, 1036 (10th Cir. 2005)).

Ultimately, this factor aims to lay blame at the feet of either the defendant or the government (whether that be the prosecutor or the court). *See Hastings*, 847 F.2d at 925-26; *see also United States v. Bert*, 814 F.3d 70, 80 (2d Cir. 2016) ("'The Act controls the conduct of the parties and the court itself during criminal pretrial proceedings. Not only must the court police the behavior of the prosecutor and the defense counsel, it must also police itself.'" (quoting *United States v. Stayton,* 791 F.2d 17, 20 (2d Cir. 1986))). This is not, however, a simple binary determination. Rather, "the appropriateness of barring

*United States v. Erickson, et al.*
Case No. 3:19-cr-0007; Case No. 3:19-cr-0053
Memorandum Opinion
Page 19 of 23

reprosecution increases in relatively direct proportion to the degree of culpability which attaches." *Hastings*, 847 F.2d at 925.

At one end of the scale is where the delay results from "intentional noncompliance with the Act or from actions designed to gain unfair prosecutorial advantage." *Id.*; *see also Stevenson*, 832 F.3d at 420 (explaining that dismissal with prejudice may be appropriate where Government "acted in bad faith or to gain some tactical advantage"). Such conduct weighs heavily in favor of dismissal with prejudice. *See id*. On the other end of the scale is where the Government committed "an isolated administrative oversight" or "[r]andom negligence." *Hastings*, 847 F.2d at 925. This type of conduct weighs only minimally in favor of dismissal with prejudice. *Id.*; *see also Taylor*, 487 U.S. at 339 (explaining that an "isolated unwitting violation" should generally not lead to dismissal with prejudice). Somewhere in between these two extremes is where the "delay is occasioned by a pattern of governmental inattention." *Hastings*, 847 F.2d at 925; *see also Stevenson*, 832 F.3d at 420 (explaining that dismissal with prejudice may be appropriate where the Government "engaged in a 'pattern of neglect'").

Robin asserts that the Government's strategy of adding charges piecemeal to successive charging documents reflects a strategy of delaying trial in order to allow for further investigation of the alleged crimes. In support of this assertion, Robin points out that new charging documents, each resulting in new trial dates, have been filed five, four, eleven, and five days before trials were set to commence. Robin asserts that these "actions establish a pattern of filing new charging documents on the eve of trial." *See* Case No. 3:19-cr-0053, ECF No. 10 at 9.

In its opposition to Robin's motion to dismiss, the United States proffered no alternative explanation, arguing only that the case was pending more than 70 days because "at Robin's June 13, 2019 arraignment, Robin and his co-defendant asked for and were granted new dates for trial,"[3] and as such, "Defendants should be estopped from arguing that dismissal should be with prejudice." *See* Case No. 3:19-cr-0007, ECF No. 72 at 5.

---

[3] As discussed above, no non-excludable days after June 17, 2019, elapsed as a result of these new trial dates.

*United States v. Erickson, et al.*
Case No. 3:19-cr-0007; Case No. 3:19-cr-0053
Memorandum Opinion
Page 20 of 23

In later filings, the United States explains only that its charging decisions were the result of "investigations and prosecutorial decisions." *See* Case No. 3:19-cr-0053, ECF No. 19 at 6. At a July 25, 2019, hearing in Criminal Case Number 2019-52, the United States elaborated that its charging decisions were necessary as the result of two factors. First, an investigation only slowly uncovered the circumstances of the alleged crimes and the links between Erickson and Robin. Second, the United States was hampered by "the sitting of the Grand Jury [and] with the government's mandate . . . that if a case is going to trial, that it goes to trial on an indictment and not an information." *July 25, 2018, Status Conf. in Case No. 3:19-cr-0052* at 11:14:38 A.M.-11:14:55. The United States asserted that the "timing of the grand jury, when the grand jury is sitting, sort of formulates the government's obligation either to proceed formally by information or by indictment." *Id.* at 11:14:59 -11:15:11.

The Court is unconvinced by the assertions of the United States. First, the Court finds incredible the series of remarkably fortuitous investigatory breakthroughs that consistently occurred only a few days before a scheduled trial.[4] The Court finds especially troubling the Amended 19-7 Information--filed only four days before the trial on the 19-7 Information was set to commence--which included for the first time a drug conspiracy charge against Erickson. The record does not indicate whether the Grand Jury failed to find probable cause for this charge or whether the United States chose not to submit the charge to the Grand Jury. In any event, the charge was abandoned in the next charging document.

---

[4] Much of the delay resulting from the filing of various amended charging documents and the First Joint Charging Document was caused in part by oversights of the Court regarding the application of the Speedy Trial Act. Specifically, scheduling orders that did not account for the fact that (1) the time accrued on counts in Criminal Case Numbers 18-54 and 18-55 carried over when those same counts were charged in Criminal Case Number 19-7; and (2) the addition of new counts in a charging document did not restart the speedy trial clock for previously charged counts. To the extent these delays are attributable to the Court, this would weigh in favor of dismissal with prejudice. *See, e.g., United States v. Kottmyer*, 961 F.2d 569, 572–73 (6th Cir. 1992) (holding that district court's finding that "the delay was due mostly to carelessness *on the part of itself* and the government" weighed in favor of dismissal with prejudice (emphasis added)); *United States v. Ramirez*, 973 F.2d 36, 38 (1st Cir. 1992) (holding that where "district court merely lost track of the STA deadline, in the midst of attending to its many other cases," the resulting delay was serious and weighed in favor of dismissal with prejudice). Moreover, the Court's oversights do not mitigate the conduct of the United States, as these oversights were the very thing the United States took advantage of in its attempts to gain an unfair prosecutorial advantage.

*United States v. Erickson, et al.*
Case No. 3:19-cr-0007; Case No. 3:19-cr-0053
Memorandum Opinion
Page 21 of 23

Second, the Court is puzzled by the United States's assertion that the "timing of the grand jury" was partly to blame for the delay when, as the United States admitted, it could call the Grand Jury whenever it chose to do so. Considering the twisted and, by all indications, ceaseless nature of these proceedings, the Court must conclude that the delay is the result of "actions designed to gain unfair prosecutorial advantage." *See Hastings*, 847 F.2d at 925. Accordingly, the second factor weighs strongly in favor of dismissal with prejudice.

The final factor the Court considers is "the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. 3162(a)(2). "'The main considerations that courts have taken into account when examining this factor are whether the defendant suffered actual prejudice as a result of the delay and whether the government engaged in prosecutorial misconduct that must be deterred to ensure compliance with the Act.'" *Stevenson*, 832 F.3d at 422 (quoting *United States v. Howard*, 218 F.3d 556, 562 (6th Cir. 2000)).

Erickson and Robin make no argument that the "delay prejudiced [their] ability to prepare for trial." *United States v. Hernandez*, 863 F.2d 239, 244 (2d Cir. 1988); *see also United States v. Saltzman*, 984 F.2d 1087, 1094 (10th Cir. 1993) ("[T]he defendant has a burden under the [Speedy Trial] Act to show *specific prejudice*." (emphasis added)). The Court is also unaware of any "witness or evidence [that] became [un]available as a result of the delay." *See Stevenson*, 832 F.3d at 422.

> The Court must also consider prejudice in terms of . . . the restrictions on [the defendant's] liberty:
>> inordinate delay between public charge and trial, wholly aside from possible prejudice to a defense on the merits, may seriously interfere with the defendant's liberty, whether he is free on bail or not, and may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends.

*Taylor*, 487 U.S. at 340 (original alterations omitted) (quoting *Barker v. Wingo*, 407 U.S. 514, 537 (1972) (White, J., concurring)). "The longer the delay, the greater the presumptive or actual prejudice to the defendant . . . ." *Id.*

*United States v. Erickson, et al.*
Case No. 3:19-cr-0007; Case No. 3:19-cr-0053
Memorandum Opinion
Page 22 of 23

Erickson was arrested on October 8, 2018, and Robin was arrested on October 9, 2018. These proceedings have continued without stop since those arrests. Robin was incarcerated from his arrest through August 2, 2019, when he was released. Erickson has not been subject to pretrial confinement, but is subject to restrictions on his liberty in the form of conditions of release. While the Court recognizes that these restrictions are not trivial, they are not of the duration that courts have found weigh heavily in favor of dismissal with prejudice. *See, e.g.*, *United States v. Moss*, 217 F.3d 426 (6th Cir. 2000) (holding that "the impact on [the defendant's] liberty" after "be[ing] incarcerated for two years" was significant); *United States v. Clymer*, 25 F.3d 824, 831-32 (9th Cir. 1994) (considering total delay of 522 excludable and non-excludable days and holding that "'the sheer length of the period involved' weighs heavily in favor of dismissal with prejudice" (citation omitted) (quoting *Stayton*, 791 F.2d at 21)).

Nevertheless, as the Court discussed above, the delay in this case is the result of "actions designed to gain unfair prosecutorial advantage." *See Hastings*, 847 F.2d at 925. The effective administration of the Speedy Trial Act and the general administration of justice is severely hampered by such purposeful conduct. Moreover, as intentional conduct, a more severe penalty to the government is more likely to "deter any similar behavior in the future." *See Stevenson*, 832 F.3d at 422 (internal quotation marks omitted).

In sum, conspiracy to launder money is a serious crime. Making false statements and bulk cash smuggling are also serious crimes, but both are near the border of serious and nonserious crimes. The conduct of the United States that caused the delay in taking these charges to trial was intentional and calculated to give the United States a tactical advantage. Finally, Robin and Erickson have not suffered significant prejudice either in terms of their ability to try this case on the merits or in any restrictions on their liberty.

Considering these three factors together, the Court finds that a dismissal without prejudice, which would permit reindictment of Erickson and Robin, would frustrate the Speedy Trial Act's dual purposes of protecting defendants' rights to a speedy trial and bringing criminals to justice quickly. *See Russo*, 741 F.2d at 1267; *United States v. Caparella*, 716 F.2d 976, 981 (2d Cir. 1983); *see also Taylor*, 487 U.S. at 342 (explaining that, while

*United States v. Erickson, et al.*
Case No. 3:19-cr-0007; Case No. 3:19-cr-0053
Memorandum Opinion
Page 23 of 23

dismissal without prejudice is "not a toothless sanction," dismissal with prejudice undoubtedly "sends a stronger message . . . and is more likely to induce salutary changes in procedures, reducing pretrial delays"). At the same time, dismissal without prejudice would reward the United States for its dilatory charging decisions. Purposeful conduct of the sort engaged in by United States here is best deterred by dismissal with prejudice. As such, the Court holds that dismissal with prejudice is the most appropriate remedy for the violations of the Speedy Trial Act in this case.

## IV.     CONCLUSION

For the reasons set forth above, the Court will grant Robin's motion for reconsideration; vacate the July 25, 2019, Order dismissing the 19-7 Indictment without prejudice; and dismiss the bulk cash smuggling, making false statements, and conspiracy to launder money charges with prejudice as to both Erickson and Robin. An appropriate order follows.

**Date:** June 3, 2020                           *s/ Robert A. Molloy*
                                                          **ROBERT A. MOLLOY**
                                                          **District Judge**